UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Plaintiff,

v.

COURTNEY DUFFEY and
LEIGH BISHOP

       Defendants.
                                         /

Case No. 1:09-cv-649

Hon. Hugh W. Brenneman, Jr.

OPINION

This is a declaratory action filed by plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") against Defendants Courtney Duffey and Leigh Bishop. This lawsuit concerns insurance coverage for an accident that occurred on August 19, 2008, in which the vehicle operated by Courtney Duffey struck the vehicle operated by Leigh Bishop. State Farm asks the Court to issue an order that the insurance policy it issued to Courtney Duffey's father, David Duffey, does not provide liability coverage to Courtney Duffey. Discovery has been completed, and this matter is now before the Court on plaintiff's motion for summary judgment pursuant to Rule 56(c), FED. R. CIV. P. (docket no. 21). The motion is opposed by Defendant Bishop. Courtney Duffey has been defaulted and has not filed a response to the motion.

### I. Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no issues as to any material fact in dispute and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Sable v. General Motors Corp.*, 90 F.3d 171, 175 (6th Cir. 1996). The standard for determining whether summary judgment is appropriate is whether, after viewing the facts in a light most favorable to the nonmoving party, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Summary judgment is appropriate if the evidence presented is "so one-sided that one party must prevail as a matter of law." *See Adcox v. Teledyne, Inc.*, 21 F.3d 1381, 1385 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 251-52). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson*, 477 U.S. at 248. The substantive law identifies which facts are "material." Facts are "material" only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Id.*

When considering a motion for summary judgment, the court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wathen v. General Elec. Co.*, 115 F.3d 400, 403 (6th Cir. 1997). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for

summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).

## II. Background

This case arises from an automobile accident that occurred in Louisville, Kentucky on August 19, 2008. Plaintiff's brief at 4. Defendant Courtney Duffey veered into oncoming traffic and struck Defendant Leigh Bishop's automobile. *Id.* At the time of the accident, Courtney Duffey was residing with her mother, Elizabeth Jolly, in Louisville, Kentucky and operating her mother's 2007 Toyota Highlander. *Id.* Defendant Leigh Bishop filed suit against Defendant Courtney Duffey in Jefferson County, Kentucky to seek monetary damages for her injuries from the accident. *Id.* The 2007 Toyota Highlander was insured under Elizabeth Jolly's State Farm insurance policy issued in the State of Kentucky. *Id.* Defendant Leigh Bishop contends that Defendant Courtney Duffey was also covered under her father David Duffey's State Farm insurance policy issued in Michigan. Elizabeth Jolly and David Duffey, the parents of Courtney Duffey, divorced when Courtney was one year old. Courtney Duffey Dep. at 7 dated April 24, 2010, attached to plaintiff's motion as Exhibit D. From that time on, Courtney resided primarily with her mother, and the two of them moved to Kentucky when Courtney was 4-5 years old. *Id.* at 8-9. David Duffey now resides in Ada, Michigan. Plaintiff's brief at 4.

## III. Residency and Domicile

Plaintiff seeks declaratory relief that State Farm's insurance policy, issued to David Duffey, does not extend liability coverage to his daughter, Defendant Courtney Duffey, because she was not domiciled with her father in Ada, Michigan at the time of the accident, and therefore not

3

entitled to Michigan no-fault insurance benefits. Defendants Courtney Duffey and Leigh Bishop claim that David Duffey's State Farm insurance policy does extend to Courtney Duffey because she is a "resident relative" of David Duffey. State Farm defines "resident relative" in the Michigan insurance policy issued to David Duffey as "a person, other than [the named insured], domiciled in the same household with the first person listed as a named insured on the Declarations Page and who is related to that named insured or his or her spouse by blood, marriage or adoption." Plaintiff's brief exhibit C at 6. Courtney Duffey fits the second prong of this definition as she is the biological daughter of the named insured, David Duffey; however, there is a genuine issue of material fact as to whether she is domiciled in the household of her father in Ada, Michigan.

A person's domicile is "that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Henry v. Henry*, 362 Mich. 85, 101-102 (1960) (quoting *Williams v. North Caroline*, 325 U.S. 226, 236 (1945) (internal quotation marks omitted)). Plaintiff argues that the term "domicile" is "generally synonymous" with the term "residence" under Michigan law; however, this is not entirely accurate. Plaintiff's brief at 8 *citing Dairyland Insurance Company v. Auto-Owners Insurance Company*, 123 Mich. App. 675, 680 (1983). Rather, the difference between "residence" and "domicile" is that "a person may have many residences but only one domicile." *See In re Scheyer's Estate*, 336 Mich. 645, 652 (1953); *Beecher v. Common Council of Detroit*, 114 Mich. 228, 230 (1897). The concept of a single domicile has prevailed throughout Michigan state law for over 100 years, and the Michigan Supreme Court has never changed this rule. This one domicile will continue until a person acquires another domicile, and in so doing, relinquishes the former. *Beecher*, 114 Mich. at 230.

4

Generally, the determination of a person's domicile or residence is a question of fact to be resolved by the trial court. *Goldstein v. Progressive Car Ins Co.*, 218 Mich. App. 105, 111 (1996); *Bronson Methodist Hosp. v. Forshee* 198 Mich. App. 617, 630-631 (1993). However, when the determining facts are not in dispute then it is a question of law for the court. *Fowler v. Auto Club Insurance Association*, 254 Mich. App. 362, 364 (2002).

In order to determine whether Defendant Courtney Duffey was "domiciled in the same household" as her father, David Duffey, and thus covered by his State Farm insurance policy, this Court can look at nine relevant factors to help in its decision. These factors are to be weighed and balanced against each other, and no one factor holds a greater weight than another. *Univ. of Michigan Regents v. State Farm Mutual Ins. Co.*, 250 Mich. App. 719, 730 (2002); *Cervantes v. Farm Bureau Ins. Co.*, 272 Mich. App. 410, 415-16 (2006).

Four of the relevant factors are identified in *Workman v. Detroit Automobile Inter-Insurance Exchange*, 404 Mich. 477, 496-97 (1979): 1) the subjective or declared intent of the claimant to remain either permanently or indefinitely in the insured's household; 2) the formality or informality of the relationship between the claimant and the members of the household; 3) whether the place where the claimant lives is in the same house, within the same curtilage, or upon the same premises as the insured; and 4) the existence of another place of lodging for the person alleging domicile. Four years after *Workman* was decided, the court in *Dairyland*, 123 Mich. App. at 680-82, listed five additional factors to aid courts in determining domicile that may be particularly helpful in situations involving young adults in transition. These five additional factors include: 1) whether the child continues to use the parents' home as the child's mailing address; 2) whether the child maintains some possessions with the parents; 3) whether the child uses the parents' address

5

on the child's driver's license or other documents; 4) whether a room is maintained for the child at the parents' home; and 5) whether the child is dependent on the parents for support. *Fowler v. Auto Club Ins. Ass'n*, 254 Mich. App. 362, 364-65, citing *Dairyland, supra* at 682.

### IV.     Discussion

After weighing the aforementioned factors against each other equally and drawing all justifiable inferences in favor of the nonmoving party, there is no clear indication of whether or not Courtney Duffey was domiciled with her father in Ada, Michigan at the time of the accident. Reasonable minds could differ in their conclusion. Simply put, the evidence is not so one-sided that one party must prevail as a matter of law.

Three of the *Dairyland* factors support a finding that Courtney Duffey was domiciled in the same household as her father. Courtney used her father's Ada, Michigan mailing address occasionally. Courtney Duffey Dep. at 19. She also relinquished her Kentucky driver's license in favor of a Michigan license with her father's address printed on the license. *Id.* at 16-17. Finally, Courtney testified that her father paid child support to contribute to her finances. *Id.* at 19-20. Thus, three of the five *Dairyland* factors support Defendant Bishop's argument that the insurance policy issued to David Duffey extends to his daughter, Courtney.

The remaining *Dairyland* factors support the Plaintiff's Motion. Courtney Duffey testified that she did not keep any belongings at her father's home, nor did she have her own bedroom in the house. *Id.* at 13-14, 20. Likewise, two of the *Workman* factors clearly favor a finding that Courtney Duffey was not domiciled in Ada, Michigan at the time of the accident. Specifically, another lodging existed in Kentucky for Courtney, and she was not physically living in the same house as David Duffey at the time of the accident. *Id.* at 13-15. The "formality of the

6

relationship" *Workman* factor does not favor either party as Courtney Duffey has the same relationship (daughter) to both David Duffey in Michigan and Elizabeth Jolly in Kentucky.

Drawing all reasonable inferences from the above factors in the light most favorable to the nonmoving party, this Court concludes that there is a genuine issue of material fact as to Defendant Courtney Duffey's domicile status in Ada, Michigan that prevents an order for summary judgment. The *Workman* and *Dairyland* factors do not overwhelmingly favor either party. The most evident factual dispute is with the first *Workman* factor: 1) the subjective or declared intent of the claimant to remain either permanently or indefinitely in the insured's household. 404 Mich. at 496. Plaintiff argues that Courtney Duffey "did not have any intention to live with her father" in Ada, MI and emphasizes Courtney Duffey's deposition testimony in which she states that she had never lived permanently with her father since her parents' divorce. Plaintiff's brief at 11; Courtney Duffey Dep. at 13-14. Although her parents shared joint custody, Courtney Duffey testified in her deposition that she would only stay at her father's house for "a week or so" at most. Courtney Duffey Dep. at 14, 18. Finally, when Courtney initially applied to the University of Michigan, she used her mother's Kentucky address as her permanent address and answered "no" when asked if she considered herself a resident of the State of Michigan. Plaintiff's brief exhibit E.

Defendant Bishop contends that in the months immediately prior to the August 18, 2008 accident, Courtney Duffey took action to change her domicile to her father's home in Ada, Michigan. Courtney Duffey relinquished her Kentucky driver's license and obtained a Michigan driver's license "a few months" before the accident, in the summer of 2008. Courtney Duffey Dep. at 17. In a Resident Classification application for the University of Michigan, subsequent to her initial web application, Courtney Duffey made statements evidencing her intention to remain

7

indefinitely in David Duffey's household. In the application, dated April 28, 2008, Courtney Duffey states:

> "I was born in Michigan and lived there for five years. My entire family lives there including my father. Michigan has always been my home and I come back as often as I can usually five times a year. It is where I want to live and be which is why I chose the University of Michigan. I still receive financial support from my father and I am very close to all my relatives there."

Defendant's response brief exhibit B.

These conflicting statements by Courtney Duffey put her intent to remain either permanently or indefinitely in David Duffey's household at issue. Furthermore, the split of the other *Workman* and *Dairyland* factors do not clearly favor domicile in Kentucky or Michigan. It is unclear whether Courtney Duffey was domiciled with her father, David Duffey, in Ada, Michigan on August 19, 2008 when she struck Leigh Bishop's vehicle. Therefore, summary judgment is inappropriate in this case because genuine issues of material fact exist that may be reasonably be resolved in favor of either party. *Anderson*, 477 U.S. at 250.

### V. Conclusion

For the reasons set forth above, plaintiff's motion for summary judgment will be **DENIED.**


Dated: August 25, 2010　　　　　　　　　　　　/s/ Hugh W. Brenneman, Jr.
　　　　　　　　　　　　　　　　　　　　　　HUGH W. BRENNEMAN, JR.
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge